IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| WILLIAM L. HARDING, | ) |
| --- | --- |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-16-1309-R ) ) |
| CARL BEAR, | ) ) |
| Respondent. | ) |

# ORDER

Petitioner, a state prisoner appearing *pro se*, filed the instant action seeking a writ of habeas corpus under 28 U.S.C. § 2254 regarding his conviction in the District Court of Oklahoma County in Case No. CF-2012-5233. *See* Doc. 1, at 1. Petitioner was convicted of First Degree Murder (Count 1) and Felon in Possession of a Firearm (Count 2), receiving sentences of life imprisonment for Count 1 and three years' imprisonment for Count 2. *See* Doc. 1-2, at 1.[1] Pursuant to 28 U.S.C. § 636(b)(1), the matter was referred to then-United States Magistrate Judge Charles B. Goodwin[2] for preliminary review. On June 29, 2018, Judge Goodwin issued a Report and Recommendation ("R&R") wherein he recommended the habeas petition be denied. *See* Doc. 15. The matter is currently before the Court on

---

[1] The facts are taken from the summary opinion of the Oklahoma Court of Criminal Appeals ("OCCA") on Petitioner's direct appeal from his convictions. "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

[2] On January 5, 2018, the President of the United States nominated Judge Goodwin to serve as a United States District Judge for the United States District Court for the Western District of Oklahoma. The Senate confirmed the nomination on August 28, 2018, and Judge Goodwin received his judicial commission on August 31, 2018.

Petitioner's timely objection to the R&R, *see* Doc. 16, which gives rise to this Court's obligation to review *de novo* those portions of the R&R to which Petitioner makes specific objection. *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court . . . ."). Having conducted this *de novo* review, the Court ADOPTS Judge Goodwin's R&R and DENIES Petitioner habeas relief.

Petitioner asserts nine grounds for relief in his habeas petition: (1) ineffective assistance of appellate counsel ("IAAC"), premised on ineffective assistance of trial counsel ("IATC"); (2) prosecutorial misconduct; (3) partial or biased jury; (4) new or unheard evidence; (5) sufficiency of the evidence; (6) instructional error; (7) error regarding Petitioner's request for an evidentiary hearing; (8) abuse of discretion by the state district court for failing to consider the merits of issues raised post-conviction; and (9) violation of Petitioner's Sixth and Fourteenth Amendment due process, equal protection, and effective counsel rights. *See* Doc. 1; Doc. 1-1. As Petitioner is *pro se*, the Court liberally construes his habeas petition and objection to the R&R. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, even liberally construed, Petitioner's objection fails to object to Judge Goodwin's disposition of Grounds 2, 3, and 8 for habeas relief (prosecutorial misconduct, biased jury, and failure to consider issues on the merits).

*See* Docs. 15–16.³ Accordingly, Petitioner waives *de novo* review of these issues, and the Court adopts the R&R as to these grounds for habeas relief.⁴

Petitioner objects, with varying degrees of specificity, to Judge Goodwin's disposition of the remaining six grounds for habeas relief. But Petitioner offers no basis upon which to question Judge Goodwin's thorough analysis of the issues or disturb his conclusions. Accordingly, the Court adopts Judge Goodwin's R&R and denies Petitioner habeas relief on each of the following grounds.

### Ground 1: Ineffective Assistance of Counsel

In Ground 1 of his habeas petition, Petitioner argues that he received ineffective assistance of appellate and trial counsel. Doc. 1, at 5. Regarding his appellate counsel, Petitioner contends he "had no contact with [him] in regards [to] the issues that needed to be raised on direct appeal." *Id*. These "issues" relate to Petitioner's claim for ineffective assistance of trial counsel, premised on allegations that trial counsel failed to "adhere to [Petitioner's] wishes on the pleading of self-defen[s]e" and failed to inform the court of relevant text message evidence. *Id*. Petitioner raised this claim in his application for post-

---

³ In the R&R, Judge Goodwin considers Grounds 7 and 8 under one heading: "F. Grounds Seven and Eight: Postconviction Infirmities." *See* Doc. 15, at 30. While Petitioner objects to Judge Goodwin's treatment of his evidentiary hearing argument, he does not object to the treatment of his abuse of discretion argument regarding the state court's failure to consider all issues raised post-conviction on the merits. *See* Doc. 16. Accordingly, the Court reviews those portions of the R&R dealing with Petitioner's evidentiary hearing argument.

⁴ At the close of his objection, Petitioner notes that, "[a]lthough [he] may not have addressed every single issue individually [he] . . . object[s] to the Report and Recommendation in whole." Doc. 16, at 13. Such a general objection is insufficient to invoke this Court's *de novo* review. *See 2121 E. 30th St.*, 73 F.3d at 1060 ("[A] general objection will not avoid application of the waiver rule."); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) ("Lockert's general objection in the district court . . . did not preserve the . . . argument for review. The point of making objections is to tell the district judge . . . what issues the parties actually dispute. Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.").

conviction relief, which was denied by the state district court. *See* Doc. 1-2. The OCCA affirmed the denial, writing that "the District Court . . . correctly found that Petitioner had not established he was prejudiced by any of counsel's alleged shortcomings." *See* Doc. 1-4, at 2 (citing the *Strickland v. Washington* standard for ineffective assistance of counsel, as applied in *Logan v. State*, 2013 OK CR 2, ¶ 5, 293 P.3d 969, 973).

Where a § 2254 habeas claim has been adjudicated on the merits by the state courts, this Court's review is "sharply limited" by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), *Smith v. Aldridge*, 904 F.3d 874, 880 (10th Cir. 2018), and "exquisitely deferential to the state court's resolution of the defendant's claims." *Black v. Workman*, 682 F.3d 880, 891–93 (10th Cir. 2012). Under AEDPA, the Court defers to the state court's merits adjudication of a claim unless it "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C § 2254(d); *Underwood v. Royal*, 894 F.3d 1154, 1162 (10th Cir. 2018).[5]

---

[5] The Tenth Circuit has explained this standard further:

> Under the "contrary to" clause of § 2254(d)(1), we may grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts. And under the "unreasonable application" clause, we may grant relief only if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. An unreasonable application of federal law is different from an incorrect application of federal law. Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. In evaluating whether the application of

"If this standard is difficult to meet—and it is—that is because it was meant to be." *Burt v. Titlow*, 571 U.S. 12, 20 (2013) (internal quotation marks and citation omitted). "[H]abeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)). Accordingly, to scale the "formidable barrier" of AEDPA, *Burt*, 571 U.S. at 19, state prisoners "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.

As Judge Goodwin notes in his R&R, claims of ineffective assistance of counsel, whether at the trial or appellate level, are analyzed under the two-pronged *Strickland* test. Doc. 15, at 4–5. To succeed under *Strickland*, Petitioner "must show that counsel's performance was deficient" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *see also* Doc. 15, at 3–6. "Surmounting *Strickland*'s high bar is never an easy task," *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010), but where the state court has applied *Strickland* to a claim for habeas relief—as the OCCA did with regard to Petitioner's IAAC claim—that task "is all the more

---

a rule was unreasonable, we must consider the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

*Dodd v. Trammell*, 753 F.3d 971, 982 (10th Cir. 2013) (internal quotation marks, citations, and brackets omitted).

difficult" because § 2254(d) applies to the claim. *Harrington*, 562 U.S. at 105. And "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable," but rather "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*; *see also Bell v. Cone*, 535 U.S. 685, 698–99 (2002) ("For [a habeas petitioner] to succeed . . . he must do more than show that he would have satisfied *Strickland*'s test . . . . Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner."). As the *Strickland* and § 2254(d) standards "are both highly deferential," this Court's review is "doubly" deferential "when the two apply in tandem." *Harrington*, 562 U.S. at 105 (internal quotation marks and citations omitted).

In his R&R, Judge Goodwin concluded that the Oklahoma state courts' application of *Strickland* to Petitioner's ineffective assistance of counsel claims was objectively reasonable. Doc. 15, at 19 ("Petitioner cannot show, with respect to any of his IAAC claims premised upon ineffective assistance of trial counsel, that appellate counsel's performance was both deficient and prejudicial. . . . Petitioner therefore cannot show that the OCCA unreasonably applied *Strickland* and cannot obtain relief under this Court's doubly deferential review of the OCCA's adjudication of the claim."). In reaching this conclusion, Judge Goodwin conducted a thorough, wide-ranging analysis of Petitioner's myriad claims of ineffective assistance of counsel, finding each claim to be meritless. *See id*. at 6–19.

Petitioner objects to Judge Goodwin's conclusions, but he fails to show that his attorneys were deficient, that any deficiency was prejudicial, or that the state courts unreasonably applied *Strickland* to his claims. Rather, Petitioner continues to take issue

6

with how trial counsel argued his theory of self-defense and alleges that both counsel failed to investigate phone records that would have benefitted his defense. *See* Doc. 16, at 2–3, 12–13.[6] But to show that trial counsel's actions were "constitutionally ineffective," Petitioner must show they were "completely unreasonable, not merely wrong, so that they bear no relationship to a possible defense strategy." *Parker v. Jones*, 423 F. App'x 824, 828 (10th Cir. 2011) (brackets omitted) (*quoting Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000)). Petitioner's bald, "speculative assertions" are "clearly insufficient" to make such a showing. *See Boyle v. McKune*, 544 F.3d 1132, 1140 (10th Cir. 2008). And, as Petitioner is unable to establish an IATC claim, his IAAC claim fails as well, given that his IAAC claim turns on purported deficiencies in his trial counsel's performance. The Court, therefore, denies Petitioner habeas relief on this ground.

---

[6] First, this characterization of Petitioner's objection as to his trial counsel's argument strategy is, in truth, a little generous. A more accurate reading of Petitioner's objection is that Petitioner objects to trial counsel's *failure* to argue self-defense at all. *See* Doc. 16, at 6 ("If both the trial counsel and appellate counsel would have raised these issues the outcome would have been different."). But Petitioner's trial counsel clearly argued a self-defense theory throughout the trial—one need only look at the trial transcript to see this. *See, e.g.*, Trial Tr. vol. IV, 55–57 (trial counsel concluding closing argument by arguing to jury that Petitioner acted in self-defense). Defense counsel at trial also successfully argued for a change to the jury instructions favorable to Petitioner's self-defense theory. *See* Trial Tr. vol. III, 142–46. The trial transcript also refutes Petitioner's assertion that trial counsel failed to request "appropriate jury instruction[s]." *See* Doc. 16, at 6. Prior to closing arguments, Petitioner's trial counsel argued (unsuccessfully) for a Manslaughter in the First Degree by Heat of Passion instruction to be given to the jury. *Id.* at 146–49. Petitioner spends a decent portion of his objection lamenting his trial counsel's failure to request a heat of passion manslaughter instruction, but Petitioner's lamentations are misplaced—trial counsel *did* request a heat of passion manslaughter instruction, though this request was denied by the trial judge. Finally, Petitioner's claims that trial counsel failed to obtain certain phone records and evidence are, once again, refuted by the record. *See* Pretrial Hr'g Tr. 4–5; *see also* Doc. 15, at 12–14 (Judge Goodwin's consideration of these evidentiary matters in his R&R). In accord with the state courts' findings, Petitioner is unable to make out claims for ineffective assistance of trial counsel—and, *ergo*, his appellate counsel could not be ineffective for failing to raise these meritless claims.

**Ground 4: New or Unheard Evidence**

In Ground 4 Petitioner asserts he is entitled to habeas relief because of new or unheard evidence—namely, text messages and phone records that would bolster his self-defense theory. Doc. 1, at 10. Affirming the district court's denial of this claim, the OCCA held that "the district court correctly found that Petitioner's evidence was not newly discovered or that there is any reasonable probability it would have changed the result of his trial." Doc. 1-4, at 2–3. Judge Goodwin read Petitioner's evidentiary ground for habeas relief as a challenge to the state courts' application of Oklahoma's post-conviction statutes. *See* Doc. 15, at 24. As such, "the error," if there was one, "[would be] of state law not cognizable in habeas corpus because federal habeas corpus relief does not lie for errors of state law." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (internal quotation marks and citation omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." (citing 28 U.S.C. § 2241) (internal quotation marks and citations omitted)). Petitioner's objection bolsters Judge Goodwin's reading of the habeas petition: Petitioner notes that he "request[ed] an evidentiary hearing which was denied or not addressed"—in other words, a challenge to state court procedure—and asserts that unheard evidence would have made his self-defense theory more persuasive—a contention taken up in the Court's discussion of Petitioner's ineffective assistance of counsel claims and refuted by the trial transcript. *See* discussion *supra* pp. 6–7 and note 6. Unmoved by Petitioner's objections, the Court

8

adopts Judge Goodwin's well-reasoned R&R as to the issue of new or unheard evidence and denies Petitioner habeas relief on this ground.

**Ground 5: Sufficiency of the Evidence**

In Ground 5 Petitioner argues that the evidence presented at trial was insufficient for a jury to find him guilty beyond a reasonable doubt of First Degree Murder. Doc. 1-1, at 1. Petitioner raised this ground on direct appeal, and the OCCA denied relief, writing:

> The evidence was sufficient for any rational trier of fact to find beyond a reasonable doubt that Harding was guilty of First Degree Malice Aforethought Murder. *See Logsdon v. State*, 2010 OK CR 7, ¶ 5, 231 P.3d 1156, 1161; *Spuehler v. State*, 1985 OK CR 132, ¶ 7, 709 P.2d 202, 203-204. The jury heard the evidence and was properly instructed on the elements of first degree murder and self-defense. The prosecution presented sufficient evidence to prove Harding fatally shot Friesen with malice aforethought and not in self-defense. This claim is rejected.

Doc. 1-2, at 2. *Jackson v. Virginia*, 443 U.S. 307 (1979), relied on in the cases cited by the OCCA, analyzes sufficiency of the evidence claims by asking "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319 (emphasis original). As the OCCA has already applied *Jackson* to Petitioner's sufficiency claim, this Court asks only if "the OCCA's conclusion that the evidence was sufficient constituted an unreasonable application of the *Jackson* standard." *Patton v. Mullin*, 425 F.3d 788, 796 (10th Cir. 2005); *see also Cavazos v. Smith*, 565 U.S. 1, 2 (2011). Assessing the OCCA's opinion and the evidence supporting Petitioner's conviction, Judge Goodwin concluded that "the OCCA's rejection of Petitioner's challenge to the sufficiency of the evidence was not an unreasonable application of the governing *Jackson* standard." Doc.

9

15, at 28. Though Petitioner continues to assert the evidence was insufficient for a finding of guilty, he offers nothing to call into question Judge Goodwin's well-reasoned conclusion, with which this Court concurs.[7] Accordingly, habeas relief is denied on this claim.

**Ground 6: Instructional Error**

In Ground 6 Petitioner argues he is entitled to habeas relief because the trial court erred by declining to give certain lesser included offense instructions—specifically, instruction for first-degree manslaughter by heat of passion and second-degree manslaughter. Doc. 1-1, at 1–2. Petitioner raised this issue as to a heat-of-passion manslaughter instruction on direct appeal, and the OCCA found that the "district court's ruling [refusing to give the instruction] is supported by the record and no relief is warranted." Doc. 1-2, at 3. Petitioner reasserted this challenge in his application for post-

---

[7] Petitioner, rather peculiarly, claims his appellate counsel did not argue or adequately raise sufficiency of the evidence on his direct appeal. *See* Doc. 16, at 10–11. This, of course, is untrue: sufficiency of the evidence was one of only two claims raised on Petitioner's direct appeal by his appellate counsel. *See* Doc. 1-2, at 1–2. Petitioner's confusion (to the extent he is confused) may arise from language in the Oklahoma district court opinion denying his application for post-conviction relief. *See* Doc. 1-2, at 5–8. There, the district court declined to consider Petitioner's assertion of a sufficiency claim on the basis of waiver—that is, Petitioner's failure to raise the issue on direct appeal. *Id*. at 7. That being said, the Oklahoma district court notes at the conclusion of its order denying Petitioner's application that "consideration of Propositions 2, 3, 5, and 6 [which include his sufficiency claim] is precluded by the doctrines of waiver or *res judicata* . . . ." *Id*. at 8. And, when considering Petitioner's appeal of the denial of post-conviction relief, the OCCA seems to reinforce the district court's concluding language, affirming the district court's refusal to consider this ground for relief on the basis of *res judicata*. *See* Doc. 1-4, at 2 ("Issues that were previously raised and ruled upon by this Court are procedurally barred from further review under the doctrine of *res judicata*; and issues that were not raised previously on direct appeal, but which could have been raised, are waived for further review. . . . The District Court correctly found that . . . Petitioner's grounds for relief in this matter are either procedurally barred or waived."). In other words, the state courts likely declined to consider the sufficiency claim on *res judicata* grounds, even if some language in the district court order implies that it declined consideration based on waiver. Regardless, the OCCA, on *direct appeal*, considered Petitioner's sufficiency claim and found it unavailing. Neither Judge Goodwin nor this Court are convinced that finding is unreasonable.

conviction relief, but additionally objected to the trial court's refusal to give instructions on first- and second-degree manslaughter. *See id.* at 6. The district court found this entire proposition of error—Number 6 in his post-conviction application—barred by waiver and *res judicata*, a conclusion affirmed by the OCCA. *See id*. at 7–8; Doc. 1-4, at 2.

Finding the question of procedural bar thorny, Judge Goodwin considered this ground for habeas relief on the merits. *See* Doc. 15, at 29; *see also Snow v. Sirmons*, 474 F.3d 693, 717 (10th Cir. 2007) ("We can avoid deciding procedural bar questions where claims can readily be dismissed on the merits."). Noting that Petitioner is entitled to habeas relief only if his incarceration violates "'the Constitution or laws or treaties of the United States,'" Judge Goodwin recommended denying habeas relief on this ground because petitioners in non-capital cases have no constitutional right to lesser included offense instructions. *See* Doc. 15, at 29–30 (quoting 28 U.S.C. § 2254(a)); *see also Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) ("The Supreme Court has never recognized a federal constitutional right to a lesser included offense instruction in non-capital cases, and neither has [the Tenth Circuit]. Our precedents establish a rule of 'automatic non-reviewability' for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction. Petitioner therefore cannot raise a debatable claim that he is entitled to habeas relief on this ground." (citations omitted)). Beyond Petitioner's erroneous contentions that trial counsel failed to request these instructions and that appellate counsel failed to argue that trial counsel was ineffective for failing to request them, Petitioner, in his objection, merely reasserts that the trial court committed error by failing to instruct the jury on the lesser included offenses noted above. *See* Doc. 16, at 6,

11

8. For the reasons stated in Judge Goodwin's R&R, Petitioner is not entitled to habeas relief on this ground.

**Ground 7: Evidentiary Hearing**

In Ground 7 Petitioner faults the district court, on application for post-conviction relief, for denying his request for an evidentiary hearing. Doc. 1-1, at 2. He also requests that this Court hold an evidentiary hearing on his claim of ineffective assistance of appellate counsel in his objection. *See* Doc. 16, at 2. The Oklahoma district court, considering Petitioner's post-conviction application, denied his request for an evidentiary hearing because none of his propositions of error presented a "material dispute for which an evidentiary hearing is necessary to resolve." Doc. 1-2, at 7–8; *see also* Doc. 1-4 (affirming the district court's denial of Petitioner's application for post-conviction relief). Assessing Petitioner's prior request for an evidentiary hearing in state court, Judge Goodwin recommended denying habeas relief on this ground because Petitioner "'states no cognizable federal habeas claim,'" as he challenges "'only . . . the State's post-conviction remedy and not the judgment which provides the basis for his incarceration.'" Doc. 15, at 30–31 (quoting *Sellers*, 135 F.3d at 1339). The Court agrees with this recommendation, and Petitioner's objection does not give the Court reason to doubt Judge Goodwin's conclusion. Accordingly, habeas relief is denied on this ground.

Petitioner also requests that this Court conduct an evidentiary hearing on his IAAC claim. *See* Doc. 16, at 2. "[T]heories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)). Moreover,

Petitioner fails to show that he is entitled to an evidentiary hearing. "Generally speaking, federal habeas review is limited to the record that was before the state court that adjudicated the claim on the merits." *Simpson v. Carpenter*, 912 F.3d 542, 575 (10th Cir. 2018) (internal quotation marks and citations omitted). The Court, consequently, "can only order evidentiary hearings if the petitioner meets the requirements in *both* §§ 2254(d) and (e)(2)." *Smith*, 904 F.3d at 886.[8] As stated above, Petitioner failed to meet the requirements of § 2254(d) vis-à-vis his IAAC claim. Accordingly, "because AEDPA bars [the Court] from granting relief for the reasons . . . explained above, it also bars [the Court] from ordering an evidentiary hearing." *Id*.

**Ground 9: Constitutional Violations**

Finally, Petitioner asserts in Ground 9 of his habeas petition that he has been "denied due process, effective counsel, and equal protection of the law" in violation of the Sixth and Fourteenth Amendment rights. Doc. 1-1, at 3–4. Considering these conclusory allegations, Judge Goodwin found that Petitioner "fails to adequately specify what aspect of his conviction or sentence constitutes an independent equal protection or due process

---

[8] Under § 2254(e)(2),
>[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>(A) the claim relies on—
>>(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
>(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

violation." Doc. 15, at 31. In his objection, Petitioner merely reiterates that he believes his constitutional rights have been violated, with many of these naked assertions bound up in grounds for habeas relief already dispensed with above. *See, e.g.*, Doc. 16, at 3 ("By the appellate counsel not raising the issues . . . and also the instructions . . . the petitioner has had his constitutional rights violated under the 14th amend. equal protection under the law."). While Petitioner's arguments are to be construed liberally given his *pro se* status, "this rule of liberal construction stops . . . at the point at which we begin to serve as [Petitioner's] advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). Petitioner's unmoored declarations of constitutional error, without more, do not entitle him to habeas relief.

The balance—really, the bulk—of Petitioner's objection to the R&R rehashes the merits of his theory of self-defense and the issue of whether he or his victim was the true aggressor. *See generally* Doc. 16. But habeas review does not afford Petitioner a second bite at the apple:

> The principle that collateral review is different from direct review resounds throughout [habeas] jurisprudence. Direct review is the principal avenue for challenging a conviction. When the process of direct review . . . comes to an end, a presumption of finality and legality attaches to the conviction and sentence. The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited. *Federal courts are not forums in which to relitigate state trials.*

*Tuttle v. State of Utah*, 57 F.3d 879, 883 (10th Cir. 1995) (emphasis added) (internal quotation marks and citations omitted). Accordingly, the remainder of Petitioner's objection raises no meritorious grounds for habeas relief.

Having concluded its *de novo* review, the Court ADOPTS Judge Goodwin's R&R in full and DENIES Petitioner's habeas petition. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant for habeas relief. A certificate of appealability may issue only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See United States v. Parker*, 720 F.3d 781, 785 (10th Cir. 2013). For the reasons stated above, the Court finds that Petitioner has not satisfied this standard and so DENIES a certificate of appealability as to its ruling on Petitioner's § 2254 petition.

Judge Goodwin's thorough and well-reasoned Report and Recommendation (Doc. 15) is hereby ADOPTED in its entirety and the habeas petition (Doc. 1) is DENIED. Judgment shall be entered accordingly.

IT IS SO ORDERED this 7th day of February 2019.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE